QUESTION: Is a public defender's office either obligated to render, or justified in rendering, casual opinions on the criminal law to inmates of the prison system who are incarcerated in the circuit when there has been no previous appointment of the public defender's office to represent such person?
SUMMARY: The office of the public defender is under no obligation to render casual opinions on the criminal law to inmates who are incarcerated in the circuit when there has been no previous appointment by a court to represent the inmate. The answer to your question is in the negative. The statutory duties of the public defender are codified in s. 27.51, F.S., which provides that the public defender shall represent any person who is determined to be insolvent who is charged with a felony and that the public defender may represent an insolvent person who is charged with a misdemeanor. This section makes further provision for the public defender to represent minors in juvenile proceedings. Section27.51(1), F.S., dictates that "the determination of insolvency of any accused person shall be made by the court and may be done at any stage of the proceedings." The determination of insolvency, a function of the court, is a prerequisite to the assigning of any legal duty to represent a defendant by a public defender. Therefore, until a court determines a prisoner to be insolvent, the public defender has no legal duty or obligation to represent an inmate. The "casual opinions" requested by prisoners would also be subject to Part II, Ch. 27, F.S. Your office clearly has no responsibility to answer these inquiries pertaining to the criminal law or related matters, and any response made to the questions asked is done solely at the discretion of the public defender.